RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/19/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**JOSEPH MASON SPRAGUE**                DOCKET NO. 11-CV-1339; SEC. P

**VERSUS**                              JUDGE JAMES T. TRIMBLE, JR.

**WILLIAM SHERROD**                     MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Pro se Petitioner Joseph Mason Sprague filed a request for a writ of mandamus pursuant to 28 U.S.C. §1361. Petitioner is an inmate in the custody of the Bureau of Prisons, presently incarcerated at the United States Penitentiary in Pollock, Louisiana. He asks the Court to order the defendant to change his release date to four months *later* than it is currently scheduled.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts and Procedural History*

Petitioner alleges that on May 17, 2011, he was resentenced in the District of South Carolina. He was ordered to serve a term of imprisonment of **455 months** [Doc. #1, p.7] The Court stated that the 455 months consisted of:

> *Count 1 - 75 months*
> Count 3 - 71 months, concurrent to Count 1
> Count 2 - 84 months, consecutive to Counts 1 & 3
> Count 4 - 300 months, consecutive to Counts 1, 3, and 2.

[Doc. #1, p.7; Sentencing transcript] Those numbers actually total 459 months.

The Judgment, **which also states that the term of imprisonment is 455 months,** provides that the term consists of:

*Count 1 - 71 months*
Count 3 - 71 months, concurrent to Count 1
Count 2 - 84 months, consecutive to Counts 1, 3
Count 4 - 300 months, consecutive to Counts 1, 3, and 2.

### *Law and Analysis*

Petitioner requests a writ of mandamus pursuant to 28 U.S.C. §1361 ordering the respondent warden to enforce a sentence of 459 months instead of 455 months.

28 U.S.C. §1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." For the Petitioner to be successful in his request for a writ of mandamus he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." In Re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997)(citing United States v. O'Neil, 767 F.2d 1111, 1112 (5th Cir. 1985)(citations omitted)); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Mandamus is improper in the instant case for the reasons that follow.

Petitioner does not have a clear right to the relief requested. He contends that, despite stating on the record **and** in the written judgment that Petitioner was to serve a sentence of **455**

**months,** the judge really meant to sentence him to 459 months. Petitioner bases his argument on the breakdown of the sentence as stated on the record: "**75 months on count 1...** 71 months on count 3.... Counts 1 and 3 shall run concurrently" [Doc. #1, p.7 (emphasis added)]. The judgment states "**71 months as to each of counts 1 and 3,** to be served concurrently with each other...." [Doc. #1, p.8 (emphasis added)]. Still, both the transcript and the judgment provide for a total term of **455 months.** Thus, there is ultimately no conflict or discrepancy.

Furthermore, there is no clear duty by the respondent Warden to do the act requested. The warden does not have control over the calculation of the sentence. The warden would only be the proper respondent had Sprague filed a habeas petition. Habeas corpus would be the proper procedure for challenging his conviction or sentence. See Pack v. Yusuff, 218 F.3d 448 (5th Cir. 2000).

### Conclusion

The Petitioner has failed to meet the requisite showing for issuance of a writ of mandamus. See In Re Stone, 118 F.3d 1032 (5th Cir.1997); United States v. O'Neil, 767 F.2d 1111 (5th Cir.1985); Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). Moreover, there is no discrepancy between the written and verbal judgments - Petitioner was ordered to serve a total sentence of 455 months. He is not entitled to a longer sentence.

Therefore, it is recommended that Petitioner's request for a

writ of mandamus be **DENIED** and this case be **DISMISSED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 16th day of September, 2011.

JAMES D. KIRK
United States Magistrate Judge